

**SIGNED THIS 18th day of March, 2024**

*Rebecca B. Connelly*

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
**RALPH LEON HAYES,**                              **Chapter 13**
       **Debtor.**                                 **Case No. 24-60255**

## DISMISSAL ORDER

On March 7, 2024, this Court entered an order that barred Ralph Leon Hayes from filing a bankruptcy petition in this Court for a period of 365 days (until March 7, 2025).  *See* ECF Doc. No. 83, Case No. 23-61366 (Bankr.  W.D. Va. Mar. 7, 2024).  The following week, on March 15, 2024, Mr. Hayes filed a bankruptcy petition in this Court, flouting this Court's March 7 Order. *See* ECF Doc. No. 1.  He also filed a motion to pay the filing fee in installments.  *See* ECF Doc. No. 4.

Mr. Hayes is not eligible to be a debtor in this Court because he has been barred from filing a petition for a period of 365 days.  This Court's March 7 Order and accompanying Memorandum Opinion describe Mr. Hayes's history of filing multiple chapter 13 bankruptcy cases that are patently defective and futile, ignoring multiple statutory and rule requirements, and disregarding multiple court orders.[1]  The March 7 Order and Memorandum Opinion provide the legal authority

---

[1]     This case is Ralph Leon Hayes's seventh bankruptcy case filed in this Court, and it is the fourth bankruptcy case filed and pending within the prior one-year period.  His previous bankruptcy cases include case number 23-61366 (filed *pro se* on December 14, 2023; dismissed on March 7, 2024), case number 23-60941 (filed *pro se* on August 30, 2023; dismissed on October 6, 2023), case number 23-60473 (filed *pro se* on April 24, 2023; dismissed on September 21, 2023), case number 22-60684 (filed by counsel on July 13, 2022; dismissed on September 19, 2022), case number

for the dismissal of Mr. Hayes's prior case and the attendant sanction with a bar on refiling.  On March 9, 2024, two days after the Court entered it, Mr. Hayes filed a notice of appeal of the March 7 Order.  After that, despite his obvious knowledge of the March 7 Order and its contents, Mr. Hayes deliberately filed a new bankruptcy petition in this Court.  Mr. Hayes simply defied the terms of the March 7 Order.

Based on his lack of eligibility, the Court finds cause to dismiss the bankruptcy petition that Mr. Hayes filed on March 15.  *See* 11 U.S.C. § 1307(c).  Based on his blatant disregard for the March 7 order, this Court finds it necessary to issue an appropriate order aimed to carry out the provisions that order.  *See* 11 U.S.C. § 105(a); *In re Hair*, 653 B.R. 816, 820 (Bankr. D.S.C. 2023).  For these reasons, the Court concludes it is appropriate to condition the dismissal order with a directive to the Clerk of the Bankruptcy Court to prohibit the Clerk from accepting for filing any bankruptcy petition from or on behalf of Mr. Hayes under any chapter of bankruptcy until March 7, 2025 (365 days from March 7, 2024).  *See* 11 U.S.C. § 349(a).

Accordingly, it is

**ORDERED**

That the motion to pay the filing fee in installments, ECF Doc. No. 4, is **DENIED**.  It is further

**ORDERED**

---

15-60738 (filed by counsel on April 21, 2015; dismissed on June 26, 2015), and case number 08-60109 (filed by counsel on January 22, 2008; dismissed on October 3, 2008).

Notably, in the most recently dismissed case, the Court granted U.S. Bank Trust N.A.'s motion for *in rem* relief from the automatic stay as to real property located at 1107 Ashburn Drive, Forest, Virginia 24551.  *See* ECF Doc. No. 34, Case No. 23-61366 (Bankr.  W.D. Va. Jan. 12, 2024).

Even so, no automatic stay went into effect upon filing this case, because Mr. Hayes has had three cases pending in the previous year which were dismissed.  *See* 11 U.S.C. § 362(c)(4) ("[I]f a single . . . case is filed by . . . a debtor who is an individual under this title, and if 2 or more single . . . cases of the debtor were pending within the previous year but were dismissed, . . . the stay under subsection (a) shall not go into effect upon the filing of the later case.").

2

That this case is **DISMISSED**.  It is further

**ORDERED**

That the Clerk of the Bankruptcy Court shall not accept a bankruptcy petition for filing by or on behalf of Ralph Leon Hayes until on or after March 7, 2025.  It is further

**ORDERED**

That upon the trustee filing a final report herein, the same shall be deemed approved without further order, trustee's bond shall be released, and the trustee shall be discharged from further liability herein unless proper objection is made to said final report within thirty (30) days after filing of same or such extended time as may be granted upon proper application made within said thirty (30) day period.

Copies of this Order are directed to be sent to the debtor by email at raf.hayes@gmail.com and by first class mail to 1107 Ashburn Drive, Forest, Virginia, the chapter 13 trustee; the Office of the United States Trustee; and all creditors and parties in interest on the mailing matrix.

**End of Order**